May it please the court, my name is Robin Conrad and I, along with my co-counsel Therese Day, represent the petitioner-appellant Richard Greenway, who is a death sentence prisoner in Arizona. I plan to try to save five minutes for rebuttal. This court remanded this case with instructions to the district court to conduct a de novo review of the merits of Mr. Greenway's ineffective assistance of trial and appellate counsel claims. So, counsel, would it be fair to say that the remand included the ineffective assistance counsel of counsel claims as they were presented to us previously? Well, the claims weren't actually ever presented on the merits to this court, Judge Rawlinson, because they had never been developed. Right. But the claims that were before us, then maybe I should say the claims that were before us on appeal, would it be fair to say that the remand encompassed those claims as they were before us on appeal? They encompassed the general ineffectiveness of trial counsel at the merits phase of trial. So we're only talking about the guilt-innocence phase, not the penalty phase, because that was already decided. And is, are those the claims that were attempted to be raised in the state court? Yes. Yes. But weren't they expounded a little on remand? Of course. And that is the point of remand, when Well, maybe and maybe not. Well, Mr. Greenway's position is that the point of a remand is to send it back for review before the district court, which finds facts, to determine the merits of the case. If it were solely limited to the exact presentation of how it was presented in State and Federal habeas first time around, while it was found procedurally barred and then procedurally defaulted, this Court could have reviewed that claim in and of itself and ordered supplemental briefing. But this Court did not do that. This Court But that doesn't mean that the claims can change on remand, though. There can be additional evidence in support of the actual claims that were before the Court, but the claims can't metamorph into something else. Judge Rawlinson, the claims, if a new claim is presented on remand, then there's additional consideration that happens with that. But a claim that was presented in State court and then in the district court where Mr. Greenway was cut off from development, that claim is what was remanded back to the district court in order for development of that claim. So there is, I agree with you, there's case law that says if there's facts that fundamentally alter a claim, then it becomes a separate claim. But Mr. Greenway's case, he wasn't fundamentally altering his claims. He was developing the claims that he was prevented from developing in State court. He asked for funding. He asked for investigative resources. And he asked for an evidentiary hearing. And he was denied that in the State court and then was procedurally barred inadequately as this Court held several years ago. But there But from your recollection, what precisely were the ineffective assistance of counsel claims that were, he was procedurally barred from presenting? So the ineffective assistance of counsel claims that were presented, and I want to talk about two aspects of those. And the first one involves the failure to ensure adequate questioning on voir dire. And the second one involves failure to investigate and develop a reasonable and supported theory of defense. And those claims were, in fact, presented both in the petition that was filed in and in the initial habeas petition that was presented to the district court. Specifically, the allegations related to ineffective assistance of counsel for failing to develop and investigate a defense were allegations that Greenway's counsel failed to investigate the State's key witnesses, who were Lincoln, Mize, Schmansky prior to trial, failed to interview potential witnesses or individuals who have may led to relevant information. There was no attempt to locate individuals regarding the State's key witnesses for their truthfulness or lack thereof. And they didn't investigate key witnesses and obtain the necessary information regarding impeachment of the State's theory. And that's all in a succinct, at ER-499-500, which is the petition that was presented in State court. And the allegations that were in the federal habeas petition, the first time around, mirrored those allegations for the most part. So that was presented. And then there was also the presentation of failure to use a juror questionnaire. So these claims that Mr. Greenway went back to the State, or I'm sorry, back to the district court to then brief and develop, which this court made findings that those claims were new claims. Any new facts that was presented to the district court, it read that as a new claim. But I thought that the district court decided the claims on the merits. On some of the claims, Judge Schroeder. And so the problem with, and if I can separate the two issues that I am speaking about, the juror bias issue that was the ineffective assistance of counsel for failing to ensure adequate voir dire. The district court initially said these are, this was the only opportunity was to present additional argument and legal authority. And that any new factual allegations are not properly before the court. That was at ER-10 of the decision. Now, in the alternative, the district court denied relief on the merits of that juror misconduct issue. But Mr. Greenway argues that that was incorrect. And the reason being is there is a reasonable probability that if his counsel had performed adequately and ensured that the question, that really is a critical question to be asked, whether a juror is a victim of a crime, was asked either through juror questionnaire or through adequate voir dire questioning. No, pardon me, I'd like to take you back just a second. Is it your position that after our remand, the district court was not to consider whether the issues had been exhausted in state court? Had to do them de novo in district court? This court did remand for de novo review of the ineffective assistance of trial counsel and appellate counsel claims, judging that. And what was sent back was those issues which had been exhausted in state court. Right, the issue that- So if the issue had not been exhausted in state court, then the district court could deny the position on that ground, that it was not exhausted in state court, true? That could be true. So as to the juror bias issue, it seems to me that the singular claim of ineffective assistance of counsel with respect to juror bias was the failure to submit a questionnaire, period. Not the failure to press the judge to ask the victim a question, not the failure of counsel to ask the jury in direct questioning if it were available. So the only issue that the district court had to review de novo was the questionnaire issue, correct? I would disagree with such a limited reading of the claim. Why? Because, again, Mr. Greenway was cut off improperly in state court from developing his claim, and he presented the claim as failing to ask for a juror questionnaire. And at that point, he hadn't had the opportunity to determine everything that needed to be determined regarding that issue. And so- Well, wait a minute. In 1994, Juror Coker gave an affidavit that she had not told the truth in answering the question, have you ever been a witness to, or have you ever testified in a criminal case? She didn't tell the truth in that. She told that in 1994. In 1996, Ms. Ryan put together the addendum. Two years after that, there was nothing other than the failure to ask the questionnaire. There wasn't any other factual claim to buttress the unfair juror bias claim. So it hadn't been exhausted except for the questionnaire in the state court, true? Well, I agree that the way the claim was presented in state court was failure to use a juror questionnaire. Period. Yes, but the development of that claim requires what is underlying that claim. And a hearing should have- Well, I mean, underlying the claim is the factual question, was the questionnaire submitted? No. What could the questionnaire have said? It could have questioned about victim, right? And what else? Well- That's the development, right? I mean, in part, yes. But the hypertechnical reading of exhaustion rules is- Don't get there by adjectives. Tell me why it's hypertechnical. Because Mr. Greenway, again, is an indigent prisoner. He was appointed, as this court knows, had prior counsel in PCR who was disbarred. He was represented in part by himself and then by the capital representation project that was defunded. And Ms. Ryan, we submitted a declaration from Ms. Ryan, was overloaded at that point. So she was doing what she could as an addendum to say, here are additional claims that need to be- And what we said the last time was she did what she could to get these cases before the state courts and that ought to be regarded as these claims before the state court of ineffectiveness.  Correct. And so that's why we're here, because the district court looked at them. Now, with respect to the juror questionnaire, I'm just a little perplexed. We now know, or we knew, not now, but we knew in 1994, I guess, or 1995, that there was a juror who had been a victim of a crime and that it was a pretty serious crime and that the juror did not disclose all of that at trial. And had the juror disclosed all of that, the juror probably wouldn't have sat. But this is an ineffective assistance of counsel claim. So what I'm not understanding is, what is it that counsel should have done that would have brought all of this out so that the juror didn't sit? That seems to be your claim. It is, Judge Schroeder. And what the counsel should have done was initially ask for a juror questionnaire and have that question, were you ever a victim of a crime? And in fact, the counsel recognized that. We know that now. But is there a, you know, is there state law? Is there practice? Are there forms? Is there something there we can say, oh, the lawyer didn't do this and this was deficient performance? I don't see that any place. Well, we submitted a declaration in the district court, which the district court doesn't mention at all in its order from a standard of care expert regarding ineffectiveness. And that expert wrote in his declaration what the standard of care was at the time of Mr. Greenway's trial. Based on what, though? Based on his experience and practice in being a criminal defense. He denied to any court rule, any model form, just based on his personal opinion rather than some standardized document, right? With the information we now have as to what happened. Well, in general, when IAC claims are presented, the question becomes what is the standard of practice during that time? What was reasonable? What would reasonable defense counsel have asked? And the question of whether a juror is a victim is such a basic question. And he asked it. And he asked the judge to ask that of the jury. But you don't claim, he has never made a claim, that it was ineffective assistance of counsel not to press the judge to ask the question. Well, he asked, he submitted proposed questions. And when the judge asked, are there any other questions that need to be asked, counsel said yes, but he didn't say you need to ask whether somebody has been a victim. The judge did ask the question, have you ever been a witness or testified in a crime? Right? Being a witness, Judge Bea, is very different than being a victim. The answer to my question is yes. Correct. Now, secondly, Ms. Coker had been a witness to a crime to herself and had testified to that crime. True? She had. Well, I guess I'm having a difficulty saying she was a witness to the crime to herself. If she had been raped, do you think she could be called as a witness in the rape case? Of course. Of course. All right. So, and she testified in that case. She did. And when she was asked that question, she denied it. What leads you to believe that Ms. Coker would not have denied being a victim? Two things, Judge Bea. First of all, she came forward the following day and asked to approach the bench and said, I, yesterday you asked about being a witness, I've been a witness to domestic violence. And she mentioned an incident that happened in her home. So she was aware. And so she would have, if asked the appropriate question, came forward. The second reason being is that when she was interviewed by prior counsel, she came forward and said that she was a victim of this violent crime that was, the circumstances are so similar to the circumstances for which the state was accusing Mr. Greenway. I mean, this isn't a situation where it's, you know, a friend or a relative. This was a juror who had a man break into her home, hold her, you know, rape her, intent with a deadly weapon, and her kids were at home. That was the same exact argument that the state made in its opening against the facts in this case, accusing Mr. Greenway. So there is implicit bias here in this situation. And with the district court finding, the district court found that it would just be speculation that the court would have asked these additional questions. But as we argued in our reply brief, this wouldn't have been speculation because the court specifically asked for additional questioning, which counsel said, okay, ask on these issues, and the court did. And it would not have been speculation that the juror would have been struck for cause either, because the court struck another juror for cause whose house was burglarized. So with these seeming facts, what the court said would have been speculation that if further questions were, had been asked in some somewhat different form, that she would have been truthful and have come out with all of these details. That does seem to be speculation, doesn't it? That she would have been truthful regarding the court? All of these details would have come out that would show that she was in a situation similar to this one. Well, I disagreed, Judge Schroeder, for the reasons that I explained to Judge Bea, is that she came forward and asked to approach the court. You never came forward and said, after the trial, I testified. I didn't tell the truth in answer to the question, whether I'd ever testified before. Well, and she may have at the hearing. So if she lied about that, why wouldn't she lie about being a victim? She seemed to have wanted to keep that episode of her life to herself. Again, this is speculation, in part, and what Mr. Greenway never had was a hearing. It may be speculation, but the burden is on you to show prejudice. In other words, you have to show that she would have testified had she been asked that question. The record is not in your favor on that issue. Well, what we can show is implicit bias. And so this Court has said in United States v. Gonzales that doubts regarding bias must be resolved against the juror. And here Your claim that you're here to us on has to be in effectiveness of counsel. Correct. But in order to show an effectiveness of counsel, we have to show there's a reasonable probability, absent the errors, that the proceedings would have been different, which this Court in Fields v. Brown on Bonk said that was the standard. And so what that means is we need to show that a biased juror was seated. And we've shown that on the record here. And if the Court has any question, then it should be remanded for further evidentiary development with an issue so critical, such as juror bias. I'd like to turn now to the ineffective assistance of counsel unless there are any, on the theory of defense, unless there are any other juror questions. I'm going to be interested in anything you have to say about the vouching claim. So keep a couple of minutes for that, would you? Okay. So in, with respect to the development of defense, on the one hand, counsel must investigate relevant defenses. On the other hand, counsel must reasonably select and present a defense. Here, counsel did neither. Counsel failed to adequately investigate the backgrounds of two key witnesses who would testify that Mr. Greenway was involved in the murders, and failed to challenge the state's theory. What would have come out? I understand that there's, that there are claims here, and I, and Ms. Ryan has, has argued quite forcefully that counsel didn't do a number of things. But what, what is it that would have come out here that would have changed the result? That I'm not understanding. So what, what counsel went forward with was that the District Court found was a two-fold theory of defense. One challenging the state's evidence, and then also claiming that Mr. Greenway was only involved after the murders happened. So he was not involved in that aspect of the crime. That seemed like a pretty good argument. It was consistent with all the evidence, wasn't it, that the state hadn't proved that he was involved in the murders? That wouldn't have been a bad argument, Judge Schroeder, if, in fact, counsel did the necessary and adequate investigation and presented the available witnesses to attack the state's case. Instead, Mr. Greenway would have been better off with no defense than the witnesses that counsel presented. Counsel presented the witness who was the probation officer for Mr. Schmansky, who testified that Mr. Schmansky is truthful, and presented Zane Vogan, who was a witness who said that Brian Mize was telling the truth. So the two witnesses that he put on, who he only interviewed five days before trial, had not been able to undercut the state's theory. Had he actually developed and investigated, he could have presented the testimony of Schmansky's landlady, who would have undercut Schmansky entirely and said that he lied, he could not be relied upon to tell the truth. And he could have presented the testimony of Darren Sage, who was a witness that would have, in fact, supported the theory that Mr. Greenway was only involved in disposing of the property after the murder and robbery occurred. But wasn't he unable to locate Mr. Sage? He tried to find him as a witness, and no one could locate him. So why should he be faulted for failing to call a witness who couldn't be located? There's two reasons for that, Judge Rollison. First, he never actually investigated this witness. This witness was interviewed and investigated by the investigator before Mr. Benedict even was appointed to the case. But second, had he known, if you're going to trial for capital murder for your client, and you know that there's an exculpatory witness, you would make it a point to go and interview that person, secure his presence at trial, subpoena him. He did none of that. It was the week before- How could you secure the presence of someone who couldn't be located? He was located if- After the trial was over. He was located pursuant to a warrant that had been issued for his arrest by law enforcement. Right, but he could have been, he was interviewed in August. They went, ended up going to trial in March. There was no contact in those six months before trial to this key witness that would have provided evidence to exculpate his client. Where do I find, where do I find what he would have testified to? His, the interview of his, what he had said was at ER 683. Ms. Conrad, a preliminary question that struck me while you were arguing. You say that there was an ineffective assistant counsel and failure to develop a defense, and you went into the failure to investigate the background of Schmansky and Mize, and a failure to attack the state case. I'm under the impression that the certificate of appealability here deals with a failure to present a defense only as to the specific issue of the inadequacy of the opening statement. Well- That's, that's what, that's what the certificate of appealability limits us to. Am I, am I in error? Judge Baya, that's how the certificate of appealability was written. And as we ask that if this court disagrees with our reading of how the certificate of appealability should be read, then we ask to expand the certificate. But what the district court did, and this is one of the fundamental errors in the district court's review of this case, was that it looked at the opening and closing arguments with the Christianson defense and lumped those together. And certified that issue as the entire challenge to what was presented and a reasonable theory of defense. Usually if we expand the certificate of appealability, we might ask for a supplemental briefing. Did we ask for a supplemental briefing on this, on these issues? Not on the particular ineffectiveness issue. However, I just want to point out, because I, this was, this was one of the parts of the brief that we stressed, is that the district court, in, in this, in denying this claim, it excluded most of what was argued regarding the failure to develop a reasonable defense. So it looked only to several points and discounted most of the other facts. And so that- What facts are you talking about? So, in, in looking at the, the part of the district court opinion where it looked to the opening, closing, and Christianson defense, it didn't consider the failure to investigate Shmansky or Mize. It didn't consider the failure to present exculpatory evidence of, of Sage. It didn't consider the fact that he put on witnesses who harmed rather than helped Mr. Greenway's defense. All of those facts were not considered when looking at what was in fact a reasonable defense or not. And so that was error in the district court by looking at the claim piecemeal, rather than looking at the claim in its entirety. Judge Bea, if you have specific questions on the vouching issue, I'm happy to answer, but because it was not certified and also there was no order specifically on it, I am not fully prepared to argue it. Thank you very much. May it please the court, Jeff Sparks for Respondents at Police. I, I can start first with the the juror issue, the ineffective assistance claim on that pardon me. One point I would like to make, not only was the claim that counsel was ineffective for failing to press the court to ask additional questions, and also the allegation that the result of that was that the juror who had been the victim of a crime was seated, not raised in the state court, but that claim also wasn't raised in the initial habeas petition. That was something else that the district court noted on the procedural aspect of the claim, noting that that claim wasn't even properly before it because it was something that was being raised for the first time on the remand. There is no motion to amend the petition to include that claim, which would have required a showing that it related back to a claim in the petition to be timely. So that's another reason why the district court was correct that that claim was not. Yeah, but the district court did make some mention of a Martinez issue. Wouldn't Martinez come to the aid of the petitioner here, even if he hadn't raised a juror bias claim until the district court? It may have if he had raised it in his initial habeas petition, which he didn't do. I think that's the reason why Martinez wouldn't help him here, because- Did he raise it on remand? Well, there's been no finding that that claim was procedurally defaulted. The real issue is that that claim was never raised until the first time on remand. If it was raised in the first time in the petition and the court said his claim is procedurally defaulted, then Martinez would come into play. We just had a ruling by the state court within the last few days. Could you refresh us on just what that was? Sure. That was a claim of juror misconduct that the juror should have revealed that she was the victim of a crime. That was a substantive claim there. The state court first held that that claim was precluded for being untimely. Was this Coker? That's right. That's correct. And alternatively, the court also addressed the merits of the claim and found that there was no juror misconduct. It found that it was unclear whether the juror intentionally withheld the information or it was some kind of mistaken understanding of what she was supposed to reveal, so declined to find, given that uncertainty, that she intentionally committed misconduct. So these facts, this nucleus of facts concerning this juror were before the district court in the guise of an ineffective assistance claim? Correct. And before the state court on a juror misconduct claim? A juror misconduct claim. And I think the facts overlap, but I think as far as the state court's finding, it did conclude that simply the fact that that juror had been the victim of a crime would not automatically have made a cause or a strike for cause successful. It looked at it and said that the trial court, if that information had come out, would have had to ask additional questions. And on the record here, there was no showing that she was biased simply because she had been the victim of a crime. Okay. But the claim before us is that there should have been further questions asked. That's correct. So it's a slightly different legal claim. And so your position with respect to whether the counsel was deficient in not asking further questions or asking the court to follow up in voir dire is what? On the merits of the claim, it's that the counsel wasn't an effective counsel, submitted the questions to the court, the court didn't ask them. It's speculative, again, whether the juror would have revealed the information had a more specific question been asked since there was a question from the court regarding testifying in a criminal case that was true of the same incident that arose out of her being the victim of a crime. And I think another important point on that is her affidavit or her declaration. It's significant for what it doesn't say because there's nothing in the declaration where she indicates that additional questioning or a questionnaire on paper rather than questions in open court would have caused her to reveal that she had been the victim of a crime. And there's also nothing in the declaration that the fact she had been the victim of a crime made her biased or in any other way impaired her from being an impartial juror. So I think it's significant that the declaration doesn't contain anything like that as far as Greenaway being able to make a showing that his counsel was ineffective. So for those reasons, the district court was correct on both points, both procedurally that that claim was not properly before it because it hadn't been raised in state court or in the habeas petition and also because on the merits of the claim counsel was not ineffective. Counsel, what's your response to opposing counsel's position that the district court failed to look at all of the assertions of ineffective assistance of counsel cumulatively? What's your response? My response is that the court did look at all of the assertions cumulatively. It specifically addressed under a separate subheading in its order cumulative ineffective assistance of counsel, and the analysis was because the court had not found any specific instance of deficient performance or ineffective assistance, there couldn't have been any cumulative effect. In other words, the court would have had to find that counsel was deficient. There was nothing to accumulate, in other words. That's right. That's right. But what about the landlady? It does seem that the landlady could have been called to or investigated or called to undermine some of the testimony that was harmful to Greenway. She could have, but it wouldn't have made a difference because that witness, Schmanski, was thoroughly impeached as far as his credibility and his bias. It came out through cross-examination that he was in the jail when Greenway allegedly made the comments to him. He was in the psychiatric wing of the jail. He was a lifelong alcoholic. Also that he testified that he had hoped to get, if not some kind of a deal, at least some favorable treatment. I'm sorry, favorable treatment in his case by cooperating with the police. So it was all before the jury that he did have an incentive to testify in the way that he did. So there's really no probability that some additional evidence regarding his general truthfulness or not would have made a difference in that regard. And as far as the claim that the district court didn't look at all of the evidence that Greenway presented on remand, a lot of that was similar to the jury misconduct claim. There were new claims presented on remand that weren't included in the habeas petition. For example, the Darren Sage, the witness who could supposedly provide some exculpatory testimony, there was no mention of him in the original petition. So the court found that that was something brand new, improperly raised for the first time on remand. And as the court noted with that witness, it's shown in the record that he couldn't be found. Not only that his statements were very inconsistent. The notes from the investigator who interviewed him indicated that the first two times he said that the co-defendant, Chris Lincoln, implicated Greenway in the murders, but then a third time relating the story said it was actually somebody else other than Greenway. So that's something that would have been used to impeach that witness, and his testimony ultimately would not likely have had much credibility for those reasons, even if he had been presented somehow. And as far as the merits of the general theory defense claim, I think it's pretty clear from the district court's COA that it was only granting a certificate of appealability on the general theory that was presented in opening and closing statement and the failure to present a Christensen defense. The court addressed the trial counsels, the way he handled the other witnesses separately, and it's clear from the wording of the COA that that was not included in what the court was granting. The Christensen defense is kind of a peculiarity, I guess, of Arizona law. As I understand it, it is a defense that the defendant suffers from some kind of mental characteristic of acting impulsively and therefore could not premeditate. And in the Christensen case itself, there was a full-blown defense and experts who were ready to testify to that, which I gather we don't have here. And the claim is that it should have been developed. So the counsel was ineffective. What I don't quite understand is if it had been argued that he did this as a matter of impulse rather than premeditation, would he still have been guilty of felony murder? He would. He would have. And that's another reason why counsel was reasonable for not pursuing a Christensen defense because it didn't touch the felony murder theory that the state was presenting. So not only would it have been inconsistent, so the defense counsel would have been in the awkward position of arguing to the jury that, look, the state's evidence doesn't prove that he was involved in the murders. He only came into play later. But he also tends to act impulsively, so if you do believe he did the murder, then it wasn't premeditated. But, again, that would leave him open to the felony murder theory. And here the jury— There really is no question that there was a robbery involved. No, no, there's really no question on the felony murder theory that the murders were committed during. Counsel, what's your response to opposing counsel's reliance on the declaration from the expert regarding the standard of representation that applied in this case? That's something that a district court can take into consideration, but it's not required to. Sorry, I can't name a case, but I've come across cases from this court and others that state that such testimony is not necessary, and it's really up to the court's discretion whether it's going to give it any weight or credence or not. So it's something that the court can consider, but ultimately whether counsel performed deficiently or not is a legal and a fact question, so it's something that a district court is capable of handling on its own without expert testimony. If the court has no further questions, I'll just ask that it affirm the district court. Thank you. Thank you. Just a couple quick points regarding the juror. The Supreme Court in McDonough has said the jurors are presumed to be truthful, so we should assume that the juror would answer truthfully if asked whether she was a victim of a crime. Judge Bay, you asked about Martinez, and the bottom line regarding this remand is the district court was to conduct a de novo review on the merits of these claims. The district court ordered briefing and ordered us to provide information regarding evidentiary development, and that's what Mr. Greenway did. The state claimed that all of these new allegations were new claims, and in reply in the district court, page 4, note 2 of ECF 182, Greenway asked that if the court finds that these are in fact new claims, that he be provided the opportunity to brief Martinez as an excuse to overcome the default of these new claims. The district court did not allow that opportunity, and he again in his Rule 59e motion presented this argument to the district court asking to do that, which it did not. And again, when he raised this issue on appeal, he asked this court, if it is finds that these are new claims, that he be provided the opportunity to brief Martinez. But I thought that the district court said that in light of Martinez, it was going to consider the merits of the claims. In part, but again, it didn't do that with every claim. So the court excluded certain things as being new evidence or new claims. So with regard to Darin Sage, it didn't include any of that in its analysis. And you asked about cumulative error, or I think maybe Judge Rawlinson asked about cumulative error, and whether we look at all these allegations that relate to deficient performance cumulatively, the district court never did that. But how is the district court to do that if the district court found no error individually in any of the claims? Well, that would make sense, Judge Rawlinson, if it looked at each fact that was alleged and said this isn't deficient performance, this isn't deficient performance. But it didn't do that. It didn't do that. Instead, it said we can't consider these facts. These aren't part of the remand. These aren't part of the claim. And so it discounted a bulk of the ineffective assistance of counsel claim in deciding the claim. So what it ultimately decided was just a very limited amount of information, which was in particular the landlady should have been presented. It just presumed deficient performance and then found there would be no prejudice because it wouldn't matter. But it was looking at prejudice in a vacuum because it didn't consider everything as a whole. So we ask that this court grant relief and or remand back to the district court for further review as it should have been done the first time around. Thank you. Thank you. Thank you. The matter just argued is submitted for decision. That concludes the court's calendar for this afternoon. The court stands adjourned.
judges: Schroeder, Rawlinson, Bea